UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
v.

ENRIQUE A DELGADO and MARIA L DELGADO,
as Trustees for Enrique A. Delgado Revocable Trust Agreement

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Jesus Gonzalez, by and through the undersigned counsel, hereby sues Defendants, Enrique A. Delgado and Maria L. Degado, Trustees for Enrique A. Delgado Revocable Trust Agreement, for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3. Plaintiff, Jesus Gonzalez ("Plaintiff") is an individual with disabilities as defined by the ADA, and a resident of Miami-Dade County, Florida, and otherwise *sui juris*.

4. Plaintiff, Jesus Gonzalez ("Plaintiff") has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 U.S.C. §12102(1)(A)(2), 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Plaintiff is also an advocate of the rights of similarly situated disabled persons, and a "tester" for the purpose of asserting his civil right, and to determine whether public accommodations are in compliance with the ADA/ADAAG.

6. Defendants, Enrique A. Delgado and Maria L. Degado, are the Trustees for Enrique A. Delgado Revocable Trust Agreement, and which upon information and belief own and/or operate a commercial real property identified as Folio: 30-4024-008-0011, with the post address of 6648 SW 40th St, Miami, FL 33155, the subject of this action. which is built out as the Presto Dry Cleaners, and referred hereto as "Owner," or "Lessor."

7. Defendants, Enrique A. Delgado and Maria L. Degado are the Trustees for Enrique A. Delgado Revocable Trust Agreement and are a person subject to the Fair Housing Act under 42 U.S.C. § 3202. At all times pertinent Enrique A. Delgado and Maria L. Degado personally acted on behalf of the Trust.

8. At all times material hereto, Defendants, Enrique A. Delgado and Maria L. Degado, have leased its commercial property to Presto Dry Cleaners who in turn has operated (and continues to operate) its dry cleaner within that leased space.

9. As the owners of the subject commercial property, Defendants, Enrique A. Delgado and Maria L. Degado, and the businesses therein are open to the public, are also

defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §12182, §12181(7) and 28 C.F.R. §36.104.

10. On or about January 30, 2024, Plaintiff personally attempted to visit Presto Cleaners located at 6640 SW 40th St, Miami, FL 33155, and within the Commercial Property to inquire and/or use of the services, and to test for compliance with the ADA/ADAAG, but because he perambulates with the assistance of a wheelchair, Plaintiff was denied full and equal access, and enjoyment of the facilities, services, goods, and amenities, because of the architectural barriers met at the Commercial Property and businesses therein, (including the related parking lots and common areas), and has definite plans to return to the Commercial Property within one (1) month of the filing of this Complaint in order to avail himself of the services offered to the public at the Commercial Property, if it becomes accessible.

11. Due to the fact that he perambulates with the assistance of a wheelchair, Plaintiff encountered architectural barriers to access while patronizing Defendants Commercial Property. Based on the access impediments, Plaintiff has been denied full and equal access by Defendants, Enrique A. Delgado and Maria L. Degado, are the Trustees for Enrique A. Delgado Revocable Trust Agreement.

12. Plaintiff has encountered architectural barriers that are in violation of the ADA, at the Commercial Property. The barriers to access at Defendants' Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property and businesses therein and likewise endangered his safety. The barriers to access, which are

set forth below, have accordingly posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, and others similarly situated.

13. Defendants own and/or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants owns, and/or operates, the Commercial Property referenced above.

14. Plaintiff, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, including, but not necessarily limited to the allegations in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property and businesses therein which are open to the public and in violation of the ADA. Plaintiff desires to visit the Commercial Property not only to avail himself of the goods and services available at the Commercial Property, but to also assure himself that this Commercial Property is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination.

15. Based on the access impediments Plaintiff encountered, Plaintiff has been denied full and equal access by Defendants, Enrique A. Delgado and Maria L. Degado, as Trustees for Enrique A. Delgado Revocable Trust Agreement, owners of the commercial property.

16. As an investor in commercial property, Defendants, Enrique A. Delgado and

Maria L. Degado, Trustees for Enrique A. Delgado Revocable Trust Agreement, are aware of the ADA and the need to provide for equal access within the commercial property as related to its multiple public accommodation tenants. Therefore, Defendants' failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

17. Plaintiff continues to desire to patronize and/or test the commercial property, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990, and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily basis by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the commercial property with the intention of patronizing and/or test the public accommodation for compliance with the ADA/ADAAG; however, Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met barriers to access the goods and services offered at Defendants' commercial property. Therefore, Plaintiff has suffered an injury in fact.

23. Defendants, have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the properties the businesses thereon, in derogation of 42 U.S.C. §12101 *et seq.,* and as prohibited by 42 U.S.C. §12182 *et seq.,* by failing to remove barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Defendants, Enrique A. Delgado and Maria L. Degado, Trustees for Enrique A. Delgado Revocable Trust Agreement, are governed by the ADA and must comply

therewith. However, Defendants have discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

25. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

26. The commercial space which is owned/controlled by Defendants, Enrique A. Delgado and Maria L. Degado, Trustees for Enrique A. Delgado Revocable Trust Agreement, is in violation of 42 U.S.C. §12181 *et seq.*, the ADA and 28 C.F.R. §36.302 *et seq.*, A list of the violations that Plaintiff encountered during his visit to the Defendants' Commercial Property and businesses therein, include, but are not limited to the following:

**Presto - Accessible Parking Spaces and Accessible Routes**

i. Plaintiff had difficulty perambulating into the business and using the main entrance, as the main door has a change in level. Because the door has a vertical change in the level at the door threshold, this is a of Section 4.13.8 of the ADAAG and Section 404.2.4.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.8 states that thresholds at doorways shall not exceed 3/4 in (19 mm) in height for exterior sliding doors or 1/2 in (13 mm) for other types of doors. Raised thresholds and floor level changes at accessible doorways shall be beveled with a slope no greater than 1:2, which not attained in the instant case.

ii. The entrance door only has a step to access the business. This entrance is inaccessible and does not have signage posted indicating the location of an accessible entrance. This is a violation of Section 216.6 of the 2010 ADA Standards. The step represents an insurmountable barrier to independent entry to the restaurant by the Plaintiff and other individuals who use wheelchairs or electronic scooters, and is in violation of 28 C.F.R. Part 36, Section 4.7; and Section 206.2.1 and 206.4 of the 2010 ADA Standards for Accessible Design.



Gonzalez v. Enrique A. Delgado
Complaint for Injunctive Relive

**WHEREFORE,** Plaintiff, Jesus Gonzalez hereby demands judgment against Defendants, Enrique A. Delgado and Maria L. Degado, Trustees for Enrique A. Delgado Revocable Trust Agreement, and requests the following injunctive and declaratory relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize its policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the establishment located therein such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court awards any and all other relief that may be necessary and appropriate.

Respectfully submitted this February 20, 2024.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiff*